**FILED
CLERK**

12:33 pm, May 17, 2024

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X **Docket#**
UNITED STATES OF AMERICA,        : 17-cr-00409-SIL
                                 :
                                 :
   - versus -                    : U.S. Courthouse
                                 : Central Islip, New York
MOHAMMED HADI,                   :
                                 : May 7, 2024
            Defendant            : 9:57 a.m.
------------------------------X

TRANSCRIPT OF CRIMINAL CAUSE FOR SENTENCING
BEFORE THE HONORABLE STEVEN I. LOCKE
UNITED STATES MAGISTRATE JUDGE


**A   P   P   E   A   R   A   N   C   E   S:**


**For the Government**:        **Breon S. Peace, Esq.**
                              United States Attorney

                        BY:  **Charles P. Kelly, Esq.**
                              Assistant U.S. Attorney
                              610 Federal Plaza
                              Central Islip, NY 11722


**For the Defendant**:         **Peter A. Chavkin, Esq.**
                              **James Ingram, Esq.**
                              Mintz, Levin, Cohn, Ferris,
                               Glovsky and Popeo, P.C.
                              919 Third Avenue, 38th Floor
                              New York, NY 10022


**Transcription Service**:     **Transcriptions Plus II, Inc.**
                              61 Beatrice Avenue
                              West Islip, New York 11795
                              RL.Transcriptions2@gmail.com


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

Proceedings

THE CLERK: All rise. United States District Court for the Eastern District of New York is now in session. The Honorable Steven I. Locke presiding.

Calling case 17-cr-409, *The United States of America v. Hadi, et al.*

Counsel, we're going to do Mr. Mohammed Hadi first, so counsel, please state your appearance for the record.

MR. CHAVKIN: Your Honor, it's Peter Chavkin and James Ingram from the firm Mintz Levin. Good morning.

THE COURT: Good morning. And your client's with you?

MR. CHAVKIN: Right here.

THE COURT: Okay.

MR. KELLY: And for the United States of America, Assistant U.S. Attorney Charles P. Kelly and Probation Officer Gregory Giblin. Good morning, your Honor.

THE COURT: Good morning. Please be seated, everybody.

We're here for a sentencing for three co-defendants in this case. There's a fourth co-defendant under another MJ number who will appear this afternoon.

I tried to think of ways to integrate this to

Proceedings

make it more efficient and came up empty handed, so we will just do one at a time.

Is the government ready to proceed?

MR. KELLY: Yes, your Honor.

THE COURT: Okay. And Mr. Chavkin, you're ready to proceed?

MR. CHAVKIN: Yes, your Honor.

THE COURT: Okay. What I have and what I've reviewed for this defendant on a pre-sentence investigation report by probation which is dated November 11, 2023 and was filed November 20th of that year, and I have January 17 of this year and March 15 of this year addendum. Does that sound right?

MR. KELLY: Yes, your Honor.

THE COURT: Okay. And then I have Mr. Chavkin's April 23, 2024 submission and I had the 5K1 letter from the government. I hope that's everything. Is that indeed everything?

MR. KELLY: Everything I know of, yes, your Honor.

THE COURT: Mr. Chavkin, agree?

MR. CHAVKIN: Agreed, your Honor.

THE COURT: All right. As you know, pursuant to *United States v. Booker*, there are sentencing guidelines that are advisory but they do have to be

Proceedings

considered.

On August 14, 2018, Mohammed Hadi pled guilty to a single count misdemeanor information charging theft of government funds, more specifically Medicare funds in violation of 18 United States Code Section 641. It's a Class A misdemeanor.

The applicable guideline is sentencing guideline 2B1.1 which provides a base offense level of six. Given the total amount of loss, which probation calculates at $17,234.96, an amount greater than $15,000 but less than $40,001, under guideline 2B1.1(b)(1)(C) a four level enhancement is applied.

Further, because the defendant was a physician holding a position of trust, another two level enhancement under guideline 3B1.3 also applies and that yields an adjusted offense level of 12.

So far is everybody in agreement on that?

MR. CHAVKIN: Yes, your Honor.

MR. KELLY: Yes, your Honor.

THE COURT: Okay. Defendant indicates yes. The defendant is also entitled to a two-level downward adjustment under guideline 4C1.1 as a zero point defendant with no criminal history and a second two-level downward adjustment under guideline 3E1.1(a) for acceptance of responsibility. And this gives us a total

offense level of 8 with a criminal history category of I.

I think all sides are in agreement on those calculations. Is that right, Mr. Kelly?

MR. KELLY: Yes, your Honor.

THE COURT: Mr. Chavkin?

MR. CHAVKIN: Yes, your Honor.

THE COURT: Okay. What that gives us is a guideline range of zero to six months incarceration, supervised release up to one year, and probation up to five years. There is a maximum fine under the guidelines of $100,000. And the guideline range for this defendant is $2,000 to $20,000 under guideline 5E1.2(c)(3). There's also a special mandatory assessment of $25.

Mr. Chavkin, have you and your client reviewed the pre-sentence report and all the addenda?

MR. CHAVKIN: We have, your Honor.

THE COURT: Okay. And I think you also indicated this in writing a moment ago. You're agreeing with probation's calculation?

MR. CHAVKIN: Yes.

THE COURT: Okay. And the government I don't think has any objection to the PSR. Is that right, Mr. Kelly?

MR. KELLY: That's correct, your Honor, no objection.

Proceedings

THE COURT: Okay. I'm then adopting the PSR recommendation and guideline calculation.

Mr. Hadi, have you been satisfied with your legal representation up until this point?

THE DEFENDANT: Yes, your Honor.

THE COURT: And do you believe you've had enough time to discuss sentencing with your attorney?

THE DEFENDANT: Yes, your Honor.

THE COURT: Was he able to answer all your questions and explain sentencing to your satisfaction?

THE DEFENDANT: Yes, he has, your Honor.

THE COURT: Okay. Mr. Chavkin, is there any reason why sentencing should not proceed at this time?

MR. CHAVKIN: No, your Honor.

THE COURT: Are there any witnesses or victims in the courtroom who wish to be heard as to this defendant?

MR. KELLY: No, your Honor.

THE COURT: Okay. We're in agreement. Mr. Chavkin, you don't know of any?

MR. CHAVKIN: I don't, your Honor.

THE COURT: Okay. Mr. Chavkin, do you wish to be heard?

MR. CHAVKIN: Just extremely briefly.

THE COURT: That's fine. Before you do, I

would remind everybody we don't have a court reporter so you've got to speak into a microphone to keep a clean record. But go ahead.

MR. CHAVKIN: All I wanted to add to this very comprehensive and superb probation report is that I've had the unique experiences, probably your Honor can appreciate better than anyone, of knowing this client for almost nine years.

I will say with as much sincerity as I can muster that I've never met someone who has done more for humanity than Dr. Hadi. I've seen him actually through the Court and the government's good graces be able to travel abroad and also here provide free medical care to the Long Island community but also extraordinarily so overseas.

And in addition to that, has brought water to villages that had no wells, just came back from building a school in Senegal.

So that has meant a tremendous amount to me to be able to represent him and I'm hoping that today he provides a platform to enable him to continue to do so in the future.

THE COURT: For the sake of clarity on the record, I believe his works abroad started before these proceedings. In other words, they date back to 2011. Is

that right?

MR. CHAVKIN:  Yes.  Yes, your Honor.

THE COURT:  Okay.  Is there anything else?

MR. CHAVKIN:  No.  No, sir.

THE COURT:  All right.  Mr. Hadi, do you wish to be heard?

THE DEFENDANT:  Yes.

THE COURT:  Microphone.

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Okay.  Please go ahead.

THE DEFENDANT:  Your Honor, I just want to say I'm truly sorry for my conduct and I hope to be able to continue to contribute as I have to the community.  And I want to thank the Court for allowing me to do so for the past eight and a half years.  And that's it.  Thank you.

THE COURT:  All right.  I'll now describe the sentence I intend to impose.

I'm sorry, Mr. Kelly, do you wish to be heard on anything?

MR. KELLY:  No.  I'll rest on my 5K letter.  Thank you, Judge.

THE COURT:  All right.  I've considered the factors set out in Title 18 United States Code Section 3553(a) and these include the nature of the circumstances of the offense, the history and characteristics of the

Proceedings

defendant.  In crafting the sentence, the Court's also required to reflect on the seriousness of the events, promote respect for the law, provide a just punishment for the offense, afford adequate and specific and general deterrence to criminal conduct and protect the public from further crimes by this defendant and others.

I've considered the advisory sentencing guidelines issued by the Sentencing Commission and the applicable range in this case as well as the applicable policy statements issued by the Sentencing Commission.

Another factor I need to consider under 3553(a) is the need to avoid unwarranted sentencing disparities among similarly situated defendants and the need to provide restitution to victims, if any.

It's against this backdrop that the crime of theft of government funds was committed here to which this defendant has pled guilty and is before me today. The offense is a serious one.

That said, I reviewed the submissions in support of this defendant including those by counsel and others, and I'm convinced that this behavior was aberrational.  He's acknowledged his guilt and appears remorseful.  The defendant has presented a career of doing good deeds and charitable work and history of helping others in need.  In sum, this crime appears to be

Proceedings

out of character with this defendant.

After assessing the facts of the case and in light of the 3553 factors, I sentence this defendant as follows.

I'm imposing a sentence of non-incarceration. I'll note this defendant has also been under the supervision of Pretrial Services since 2017. And the Court declines order a period of probation or further supervised release.

I am ordering restitution pursuant to 18 United States Code Section 3663(a) and under guideline 5E1.1 in the total amount of $17,234.96 on a joint and several basis with the co-defendants. This is the amount recommended by probation. While I acknowledge that there was a lower amount set forth in the plea agreement, the Court holds this defendant responsible for the entire Medicare loss. This amount is to be paid immediately as directed by probation.

This defendant is also fined in the amount of $5,000. And as I mentioned before, there is a $25 special assessment.

I find that the sentence is sufficient but not greater than necessary to comply with the purposes of the guidelines and the statutory scheme. Such a sentence also reflects the seriousness of the crime.

Proceedings

To the extent you have not waived such, you may have a right to appeal your conviction and sentence, Mr. Hadi. If you're unable to pay the cost of an appeal, you may apply for leave to appeal in forma pauperis. If you cannot afford a lawyer on appeal, one may be appointed. A notice of appeal must be filed within 14 days of the judgment of conviction.

Is there anything else from the government as to this defendant?

MR. KELLY: No, your Honor.

THE COURT: Is there anything else from the defense?

MR. CHAVKIN: Your Honor, just one question.

THE COURT: Sure.

MR. CHAVKIN: And I apologize for raising it today. It could be at a later time if you prefer. You probably are aware from the papers that we would have a subsequent administrative proceeding likely.

THE COURT: Yes, I am.

MR. CHAVKIN: It may be relevant for that to be able to use the pre-sentence report. And I don't know what your Honor would prefer in terms of the procedure to allow us do that, whether --

THE COURT: Does probation have any thoughts on this? I don't know is the short answer.

Proceedings

12

PROBATION OFFICER: Your Honor, obviously we always have a concern about a pre-sentence report being used outside of these proceedings or for the Bureau of Prisons' purposes in such cases. But in light of this unique situation, we wouldn't necessarily have an objection to the pre-sentence report being used for that narrow purpose.

THE COURT: I'm okay with permitting that. Well, let me ask you this. Does your office want something in writing so that you can refer to whoever needs to review it or not, or should we just go on the record?

MR. CHAVKIN: Your Honor, I think establishing our consent so to speak on the record is sufficient.

THE COURT: Okay. In that case your application is granted.

MR. CHAVKIN: Thank you, your Honor.

THE COURT: Okay. Is there anything else for the defense?

MR. CHAVKIN: Just if we may release bail, whatever bail remains. I know there was a commitment originally --

THE COURT: Okay. Yes. Mr. Kelly, no opposition to that?

MR. KELLY: Yes, I consent to the discharge of

bail.

THE COURT: Okay. Bail is discharged.

MR. CHAVKIN: Thank you, your Honor.

THE COURT: Is that everything?

MR. CHAVKIN: That's it.

THE COURT: All right. These proceedings are concluded as to Mohammed Hadi.

Oh, I'll note before we continue, I should have done this in the beginning, all three defendants, well we have other appearances, Mohammed Hadi consented to proceed to judgment before this Court as opposed to a district judge. Is that correct, Mr. Chavkin?

THE DEFENDANT: Yes.

MR. CHAVKIN: Yes, your Honor, it is.

THE COURT: Okay. And Mr. Chavkin, you signed a document to that effect, correct?

MR. CHAVKIN: Yes, your Honor.

THE COURT: Okay. I have it here. All right. That is it for Mohammed Hadi.

MR. CHAVKIN: Thank you, your Honor.

THE DEFENDANT: Thank you, your Honor.

(Matter concluded)

-oOo-

**C E R T I F I C A T E**

I, MARY GRECO, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **15th** day of **May**, 2024.

_Mary Greco_
Transcriptions Plus II, Inc.